And we'll move on to the next case set for argument, which is Rubio-Pelayo v. Bondi, case number 23-858. May it please the Court, Shavonna Ayala on behalf of Mr. Rubio-Pelayo, the petitioner. This case has a number of issues that are important for the Court. And importantly, whether or not the standard applied by the IJA and the Board is overly strict. For instance, the matter of Monreal from the BIA presidential decision talks about exceptional and extremely unusual hardship not requiring unconscionable harm. However, the evidence in this case does appear to demonstrate unconscionable harm. Let me ask you a housekeeping question. In the gray brief starting at 7, you argue that petitioner didn't waive the due process violation claims previously asserted in the opening brief. Where in the opening brief does petitioner explain how the IJA or the BIA violated his due process right? The issue comes out when the immigration judge imposed... Show me where in the opening brief. I'm sorry? Show me where in... Oh, in the opening brief. So it would be... The opening brief would be page 20 and 21. When the immigration judge implants her own solutions to the problems that the family is dealing with, for example... And where do the words due and process appear? Your Honor, I think the words due process are not used. It's an explanation. It's an analysis of the facts in the case regarding the fact that the immigration judge was giving her own solutions to the problem. These solutions were not... The petitioner was not given an opportunity to respond to these because these were articulated in the immigration judge's decision. And as we noted in the reply brief, when an argument is not briefed, it is not considered waived when the government responds to it in their answering brief. So... Would you agree that this is a mixed question of fact and law? Yes, exactly, Your Honor. It is a mixed question of fact and law. Why should we apply abusive discretion review? The Supreme Court in Wilkinson v. Garland indicated that this type of analysis is a mixed question of fact and law and it is reviewable by the circuit courts of appeals. Regarding the standard of review, the Ninth Circuit has yet to articulate a particular standard of review. It dealt with this issue of Wilkinson v. Garland in Magana Magana and it said that in a small note that it was considering the analysis under abusive discretion. And so the Third Circuit has indicated that they're adopting a substantial evidence standard and the Fourth Circuit has declined to set a standard only indicating that the standard is deferential. So if the court decides to issue an opinion about the standard, we would ask that it be abusive discretion. As opposed to substantial evidence? Yes. So what's the difference in practical application? I mean, I get the deference. Wilkinson says deferential. It doesn't tell us anything more precise. What's the difference between these competing standards? Well, the amount of deference that's owed to the lower courts. And so I think... But either way, these facts... Yes, but even, for instance, the standard substantial evidence, it uses the word evidence. So, I mean, you have to look at the evidence and the facts of the situation in order to analyze the situation. So it's a very difficult... I understand it's a very difficult task for the court because the amount of deference that is owed is not very clear at this point. Maybe... I mean, say we do apply abusive discretion, which is what you're advocating for and may be correct. Why do you win? I mean, at the end of the day, I'm not sure... There's clearly substantial evidence, I think, and I'm not sure that you have a much better argument under abusive discretion. I mean, why... You basically have to say that nobody could reach that same result, don't you? Well, Your Honor, I think under either standard, the petitioner would win. The medical hardship is extreme and exceptional. I mean, the petitioner's qualifying relative, his wife, has uncontrolled insulin-dependent diabetes with unexpected episodes of hypoglycemia, carpal tunnel surgery with lingering effects of pain, numbness, and weakness, blurry vision, high blood pressure, pain in different parts of her body, back, pelvis, legs, which makes her unable to walk, nausea, fatigue. Everything you're saying is just playing into the idea that this is factual. I mean, it may be a mixed question of fact and law, but even the Supreme Court said there's... You know, not all mixed questions of fact and law are equally presented, and everything you're saying are all facts. I mean, where's the legal hook that... They are all facts, but it is the application of these facts to the standard, which is what is at issue before the court. But I guess my point is that you're giving the facts that you think that the IJ should have found, but he didn't. And so, well, I'm just saying he didn't. And so we've got to look at that and say, well, yeah, I mean, you can pitch this in a way that... The IJ didn't quarrel with what you say. The IJ just said that didn't amount, didn't satisfy the standard. I mean, the IJ was not quarreling with the evidence in front of him. Right, except the IJ, she... Or she, as she used to say. Yes, she talked about the fact that the diabetes was, you know, difficult to control. And then in her legal analysis of the facts, she states it's a manageable condition. And then she describes the ways in which it can be managed. Right. You can put the stuff beside the bed. I mean, she could get somebody else to hook up the trailer. Exactly. And the, like I said, the petitioner and his wife were not able to respond to these assumptions. And the fact that it's, she describes it and then minimizes it is a legal conclusion. Well, is it a legal conclusion? I mean, that's the question. Because, I mean, it's still a factual determination whether you could minimize it. And I guess that's why, why is it an abuse of discretion that when the IJ said you can take these steps to minimize the serious medical problems you're facing, why is that an abuse of discretion? Because it doesn't, the IJ found the, both the petitioner and his wife credible. And so the testimony should be given full weight and then basically she inserts her own version of facts that were not established in the record. So that is an abuse of discretion. You're saying that because the question wasn't asked, could you put the injection next to the bed that it shouldn't be considered? Right. Yes. She, the, I just want to talk briefly about the fact of that, the seriousness of the hardship. Ms. Rubio, the petitioner's wife, is afraid that she will die because of her medical issues with diabetes. Additionally, there's emotional hardship. She's an older, an older woman who's 54. I'm 75. Well, yes, relatively older. And then there's the fact that she has her brother who suffered a stroke and is in a wheelchair living with her. So there is that strain on the family, as well as her 84-year-old mother, who maybe we could agree she is older. And then there's also the economic hardship, which I think is very serious in this case because of her disability. And the fact that the petitioner is the main provider financially in the in the family and would only earn five days, five dollars a day in Mexico. And that hardship that he would experience then flows to the qualifying relative because she would not be able to support herself and, you know, possibly could lose the home, et cetera. So I'm going to reserve some time for rebuttal. OK, thank you. Thank you. Good morning, Your Honors. May it please the court. Christopher Giger for the attorney general. I have two points. First, the court should dismiss this petition because the petitioner's arguments ultimately challenge the agency's factual findings, which are not reviewable. Should we ignore Wilkinson? No, Your Honor. And if the petitioner was presenting an argument that challenged or applied undisputed facts to the hardship standard, then certainly the court would have review. But here the government's position is that when actually looking at the petitioner's arguments in our opening brief and reply brief, the petitioner is only challenging the or the petitioner is disputing the facts. Well, no, I understand that the facts were not not with the testimony. The agency believes all the testimony. Why are you saying the facts are disputed? Specifically with the challenges that the petitioner makes in in his opening brief. And particularly, I think if we look at the reply brief, this summarizes this on page seven and eight of the reply brief. The petitioner summarized their arguments that the as Judge Wallach, you brought up that the immigration judge in the board incorrectly applied the standard, including weighing of the evidence and applying proper weight to the evidence. Yeah, but that's not a dispute as to what happened or what or the or the degree of disability. That's not a dispute as to what what the facts are, a dispute as to how you treat the facts. I respectfully disagree, Your Honor, because it's the Supreme Court recently noted in Bufkin versus Collins. Weighing of the evidence is inherently factual. And so when the petitioner is challenging. Wait a minute. There is evidence. And then there's the weighing of the evidence. I'm asking as to whether is there any dispute about what the evidence is. And I don't think there is a dispute as to that. Your Honor, the government position is that there the petitioner has disputed what the evidence is. For example, on page on page 19 and 20 of the petitioner's opening brief, they challenge the immigration judge's finding that Mrs. Rubio could use an alternative form of transportation. And the petitioner in his opening brief alleges that that's not plausible, challenging what the hardship what what could happen. And secondly, on page 20 of the opening brief, as it relates to the immigration judge's finding that Mrs. Rubio could keep sweets next to her bed in the event of a medical and a medical episode. The petitioner asserts that the immigration judge erred by downplaying the severity of her condition. And in Wilkinson, the Supreme Court has explained that the seriousness of a medical condition is an example of a factual finding that this court can't reveal. So maybe maybe let me try and frame it up, because it seems like there's no dispute about the medical condition. The dispute is all about whether there's mitigating factors that can address the consequences of the of the medical condition. But those are, in your opinion, that's in your view, in the government's view, that's still a factual finding. Yes, you are, particularly in this case, with the manner that the petitioner frames the argument, because asserting that the immigration judge improperly found this to be in her conditions to be manageable. That is inherently addressing the seriousness of her medical conditions. So it's the government's position that this is ultimately these are factual challenges that the petitioner is disputing and the court doesn't have jurisdiction to review those. I expect to be able to rely on the government for fair analysis. You say due process in in the blue brief. No, Your Honor, due process was raised or excuse me, due process was cited. Case law relating to a neutral fact finder was referenced in the opening brief, but there was no analysis that actually challenged that Mr. Rubio or Mrs. Ruby did not have a neutral fact finder. So the government's position is that that is waived. And I think the reply brief concedes that there was not a neutral fact finder argument raised. But I would I would also like to address the court's questions about if there were reviewable arguments that this court could review. Substantial evidence is the correct standard or the most applicable standard that that should be applied here. The government position is that substantial evidence is consistent with both the INA and with recent Supreme Court precedent. What's the difference in practical application between the two standards that we're talking about? Practically speaking, Your Honors, there probably is not much of a difference when it comes to when it really gets down to it. Yes. I mean, this may be giving away a judicial secret as to me, but I mean, I look at those two things and I kind of say, well, is this about right? Is this close enough? I mean, it's hard for me to see the operational difference between the two. Yes. And they're really, Your Honor, the government's position is that in actuality, there are probably very minute practical differences. But in this case, in this case, Your Honor, the government position is that regardless of abuse of discretion or substantial evidence here, the hardship that Mrs. Rubio would experience does not rise to the high level of exceptional and extremely unusual hardship. But I will just note for the record that the substantial evidence is consistent with the INA under 1252b4b. That supplies the courts of appeals with the standard of review. And we're here, cancellation as the Supreme Court noted in Wilkinson, this is a primarily factual inquiry. And so it makes sense for the court to utilize the factual standard of review that concerns petitions for review. And the Supreme Court also recently in Bufkin versus Collins, which we provided a 28-J letter on, utilized a similar or came to the similar conclusion in terms of the Veterans Court standard of review and reviewing the VA's application of the benefit of the doubt doctrine. And there, 38 U.S.C. section 7261 provided clear error review for factual questions to the Veterans Court. And the court determined that when there's a primarily factual inquiry, which is ultimately what the benefit of the doubt doctrine was, it made sense to utilize the factual standard. And so, too, here, the court should adopt the substantial evidence standard. And I will just briefly note that here applying the substantial evidence review, Mr. Rubio has not established that the hardship his wife would experience is exceptional and extremely unusual. This is a very high burden with a very low statutory cap. I will note that his wife will still have access to her medical insurance, which covers her health care, her prescriptions and her treatment plans. She also has significant assets in this country, which the board in matter of Andazola had noted was a significant factor in determining whether a hardship was met. She has they own a home with over $100,000 in equity. They own an investment property that's worth approximately $6,000 to $18,000. They own two cars. She also has two adult children within an hour of her. And as my friend on the other side noted, she does live with her brother who is wheelchair bound. But she tested. Mrs. Rubio testified to the fact that he's not dependent on her and has his own retirement. So ultimately, under substantial evidence or abuse of discretion, but we are support to adopt substantial evidence. It supports the agency's decision. So unless the court has any further questions. Thank you. Thank you. We'll give you time for rebuttal. Let's talk about the 28 J letter. I think the question before the court is what is a review that the court, the Supreme Court anticipated in Wilkinson v. Garland? Because here we are looking at factual issues and then how they are applied to the standard. So I think that the court is empowered to look at this case and articulate a standard, articulate what the standard is under Loper Bright of what exceptional and extremely unusual hardship is, and whether or not the facts in this case compel a finding of exceptional and extremely unusual hardship. But doesn't, I mean, ultimately, doesn't that all hinge on whether the medical condition is manageable? Because if it's manageable, then it seems to not meet the standard. If it's not manageable, then it might meet the standard. So to me, it all comes down to a factual issue of whether the disease is manageable or not. Well, the disease, the respondent's wife, Mrs. Rubio, explained how it's not manageable. I mean, in the evidence, in the testimony, she talked about the fact that the doctors are perplexed about why she keeps having hyperglycemia episodes, how she can't drive because of the blurry vision, how she wakes up in the middle of the night unable to speak and unable to walk. I mean, that alone, if she's waking up in the middle of the night unable to walk or speak, and then she's supposed to somehow, with knowledge, grab a suite by her bed, that's not reasonable. But don't you see how everything you're arguing is all factual? It's not legal. I understand, but the conclusion that those facts are manageable is a legal conclusion. I'm not sure that's correct. I mean, how is that a legal conclusion? That's a factual conclusion. I mean, the consequences of whether it's manageable under the standard is a legal application, but not whether it's manageable. I mean, that has to be a factual determination. Well, Your Honor, I would step back. I agree it is a legal conclusion. However, the legal conclusion, or excuse me, a factual conclusion. However, the factual conclusion is, we would argue, is an abuse of discretion, yes. And we just ask this Court to grant the petition for review with a finding that exceptional and extremely unusual hardship has been met, or remand the case for further consideration of the evidence that was extrapolated by the judge regarding the possibility of managing the diabetes. Thank you. Okay, thank you. Thank you to both counsel for your arguments.
judges: FLETCHER, Wallach, NELSON